STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JASMINE KAHAUNANI KALANI, Defendant-Appellant.
No. 29263.
Intermediate Court of Appeals of Hawaii.
June 25, 2009.
On the briefs:
Jeffrey A. Hawk, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting Chief Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Jasmine Kahaunani Kalani (Kalani) appeals from the Judgment entered on June 2, 2008, in the Circuit Court of the First Circuit (circuit court).[1] Kalani was charged with unauthorized control of a propelled vehicle (UCPV), in violation of Hawaii Revised Statutes (HRS) § 708-836 (Supp. 2008).[2] A jury found Kalani guilty as charged. Kalani was sentenced to five years of incarceration, with a mandatory minimum term of three years and four months due to her status as a repeat offender. Her sentence was imposed to run concurrently with any other term of incarceration.

I.
On appeal, Kalani contends that her conviction should be reversed because there was insufficient evidence to convict her.[3] We disagree and affirm the circuit court's Judgment.
We reject Kalani's claim that there was insufficient evidence that she operated the Chevrolet pickup truck at issue in this case. An eyewitness, who was a friend of the registered owner and her husband, testified that he saw Kalani driving the truck. The truck had been parked in front of the eyewitness's residence. After being alerted that someone had started the truck, the eyewitness ran outside and saw Kalani driving the truck. The eyewitness positioned himself in front of the truck, waved his hand, and screamed at Kalani to stop, but Kalani ignored him and drove away. The eyewitness recognized Kalani because Kalani's boyfriend, Robert Fox, and Kalani had previously resided with the eyewitness at the residence.
Kalani attacks the eyewitness's credibility. However, we "give full play to the province of the trier of fact to determine credibility[.]" State v. Lioen, 106 Hawai'i 123, 130, 102 P.3d 367, 374 (App. 2004) (citing State v. Yabusaki, 58 Haw. 404, 411, 570 P.2d 844, 848 (1977)). The eyewitness's testimony provided substantial evidence that Kalani had operated the truck.
We also reject Kalani's claim that there was insufficient evidence that she knowingly or intentionally operated the truck without the registered owner's consent. The registered owner testified that she never gave Kalani permission to drive the truck. The registered owner's husband testified that while he gave Fox permission to use the truck to go to a birthday party, 1) he never gave Kalani permission to drive the truck, and 2) he did not give Fox permission to authorize others to use the truck.[4] The eyewitness testified that he did not give Kalani permission to use the truck, that he tried to stop Kalani from driving the truck away, and that he called the police to report the truck as stolen after Kalani drove it away.
In addition, the prosecution introduced letters of apology Kalani sent to the registered owner and her husband and to the eyewitness a few months after the charged incident. In the letter to the registered owner and her husband, Kalani stated in relevant part:
I am writing in regards to make amends for any wrong I have done. I hope someday you could find it in your hearts to forgive me. I will keep my distance and not trespass on your property again.
In the letter to the eyewitness, Kalani wrote in relevant part:
There aren't any excuses for my actions. I sincerely apologize about it now. One day I hope you could find it in your heart to forgive me.
While Kalani contends that the letters were sent to apologize for other transgressions that she purportedly committed, and not the alleged unauthorized use of the truck, the jury was entitled to infer that Kalani's apologies included her unauthorized use of the truck.
We conclude that when viewed in the light most favorable to the prosecution, State v. Meyers, 112 Hawai'i 278, 286, 145 P.3d 821, 829 (App. 2006), there was sufficient evidence to support Kalani's conviction.

II.
We affirm the June 2, 2008, Judgment entered by the circuit court.
NOTES
[1] The Honorable Virginia Lea Crandall presided.
[2] HRS § 708-836 provides:

§708-836 Unauthorized control of propelled vehicle. (1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.
(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.
(3) It is an affirmative defense to a prosecution under this section that the defendant:
(a) Received authorization to use the vehicle from an agent of the owner where the agent had actual or apparent authority to authorize such use; or
(b) Is a lien holder or legal owner of the propelled vehicle, or an authorized agent of the lien holder or legal owner, engaged in the lawful repossession of the propelled vehicle.
(4) For the purposes of this section, "owner" means the registered owner of the propelled vehicle or the unrecorded owner of the vehicle pending transfer of ownership; provided that if there is no registered owner of the propelled vehicle or unrecorded owner of the vehicle pending transfer of ownership, "owner" means the legal owner.
(5) Unauthorized control of a propelled vehicle is a class C felony.
[3] Kalani's notice of appeal was not timely filed. However, the appellate courts have overlooked such error in similar circumstances, and thus we will proceed to address the merits of Kalani's appeal. See State v. Knight, 80 Hawai'i 318, 323-24, 909 P.2d 1133, 1138-39 (1996).
[4] It is unclear from the evidence whether Kalani was still Fox's girlfriend or whether they had broken up when Kalani was seen driving the truck.